Anne L. BRISCOE, Petitioner,

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 94–3507.

United States Court of Appeals, Federal Circuit.

May 31, 1995.

Susan Beth Lander, Staff Counsel, American Federation of Government Employees, AFL–CIO, of Washington, DC, argued for petitioner. With her on the brief were Mark D. Roth, Gen. Counsel and Joseph F. Henderson, Staff Counsel.

Steven J. Abelson, Attorney, Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued for respondent. With him on the brief were Frank W. Hunger, Asst. Atty. Gen. and David M. Cohen, Director. Of counsel was Sheldon Bolasny, Asst. Dist. Counsel, Dept. of Veterans Affairs, Washington, DC and Mary Mitchelson, Dept. of Justice.

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

MAYER, Circuit Judge.

Anne L. Briscoe petitions for review of a final decision of the Merit Systems Protection Board which dismissed her appeal for lack of jurisdiction. 63 M.S.P.R. 137 (1994). We affirm.

## Background

The Department of Veterans Affairs proposed Briscoe's removal by notice dated December 15, 1991, for absences without leave and noncompliance with leave policy. After discussion, negotiation, and exchange of correspondence with the agency, both Briscoe and her union representative signed a last chance agreement settling the proposed removal action on April 1, 1992. As part of the agreement, Briscoe agreed "[t]o improve her leave balances ... to half what she would earn in the year period that th[e] agreement [was] in force." This condition applied only if Briscoe did not incur absences resulting from a major medical problem other than depression for which she was then receiving treatment. Briscoe also agreed to waive any right of appeal to the Merit Systems Protection Board arising from the underlying removal action or for any agency action for subsequent violation of any term of the last chance agreement.[1]

When the one year term of the last chance agreement ended, the agency informed Briscoe that she would be removed for failure to meet the leave balances provision of the agreement.[2] The agency subsequently reconsidered the removal in light of evidence submitted by Briscoe, but it adhered to its original decision and the removal became effective July 26, 1993.

Briscoe appealed the removal to the board and the agency moved to dismiss for lack of jurisdiction claiming that she breached a valid last chance agreement under which she waived her appeal rights. The administrative judge ordered her to submit evidence and argument showing why the appeal should not be dismissed. She responded to the order arguing that she lacked capacity to enter into the last chance agreement due to a mental illness and that she had not breached the agreement. Briscoe also requested a jurisdictional hearing. The administrative judge denied the request for a hearing and issued an initial decision dismissing the ap-

---

1. The agreement also required Briscoe to waive any rights of appeal to the Equal Employment Opportunity Commission (EEOC). The removal letter of July 23, 1993, however, specifically advised Briscoe that she had a right of appeal to the EEOC if she believed that the removal resulted from discrimination. At oral argument, the government conceded that the last chance agreement was not an effective waiver of Briscoe's EEOC appeal rights and that she was free to bring such an action. This has no effect on the validity of Briscoe's waiver of her right of appeal to the board. *McCall v. United States Postal Serv.*, 839 F.2d 664, 666 n. * (Fed.Cir.1988).

2. The agency also maintained that Briscoe violated two other conditions of the agreement. The board decision, however, is based solely on Briscoe's violation of the leave balances provision because the agreement provides that the right of appeal is waived upon "violation of any one of the terms of th[e] agreement." *See Amin v. Merit Sys. Protection Bd.*, 951 F.2d 1247, 1255 (Fed. Cir.1991) (agency may remove employee for violation of any one provision of a last chance agreement where agreement so provided). We do not address the other alleged violations of the agreement.

peal for lack of jurisdiction. The administrative judge determined that the record evidence was sufficient to resolve the jurisdictional issues of fact without a hearing and found that Briscoe voluntarily entered into the agreement, that she breached the leave term, and that she had waived her right to appeal the removal. The administrative judge then dismissed for lack of jurisdiction.

The board denied Briscoe's petition for review, but reopened on its own motion. It concluded that the administrative judge erred because she resolved factual disputes about jurisdiction and was effectively requiring Briscoe to establish mental incapacity without a hearing. The board explained that it is proper to consider documentary submissions to determine whether an appellant has made a nonfrivolous allegation of jurisdiction, but not to weigh evidence or resolve conflicting nonfrivolous assertions of the parties without a hearing.

The board also held that the administrative judge did not address the threshold question of whether Briscoe even raised a nonfrivolous allegation of fact which, if proven, would establish a prima facie case that the board had jurisdiction over her appeal. Considering her documentary submissions under the correct standard, the board ruled that she had not made a nonfrivolous allegation of jurisdiction. Also concluding that the administrative judge's errors did not prejudice Briscoe's substantive rights, the board affirmed the initial decision as modified, and dismissed the appeal for lack of jurisdiction. Briscoe seeks review of the final decision.

### Discussion

■ An employee may waive her right of appeal to the board if she freely enters into a last chance agreement. *Stewart v. United States Postal Serv.,* 926 F.2d 1146, 1148 (Fed.Cir.1991); *McCall v. United States Postal Serv.,* 839 F.2d 664, 666–69 (Fed.Cir. 1988). Of course, the employee must have had capacity to enter into the agreement if it is to be enforceable. *See McCall,* 839 F.2d at 667. A waiver may eliminate the employee's right to appeal any aspect of the underlying removal, including both the factual basis and the legal validity of the proposed removal

action. *See Stewart,* 926 F.2d at 1148 n. *. The agreement "predicates the reimposition of removal and concomitant waiver of appeal rights on breach of one or more of the ... stipulations the agreement contains." *Id.* at 1148. It is the board's responsibility to determine whether these preconditions for enforcement of an agreement have been met. *Id.* If the conditions are met and the agreement is enforceable, then the board is without jurisdiction to hear the appeal. *See McCall,* 839 F.2d at 668–69.

■ "[C]ases may arise where the MSPB should hold an evidentiary hearing on jurisdiction. For example it would be appropriate for the MSPB to honor a request for hearing where a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence." *Manning v. Merit Sys. Protection Bd.,* 742 F.2d 1424, 1428 (Fed.Cir.1984). Thus, to be entitled to a jurisdictional hearing, Briscoe bears the burden of presenting nonfrivolous allegations that the board has jurisdiction over her appeal, *see Burgess v. Merit Sys. Protection Bd.,* 758 F.2d 641, 643 (Fed.Cir. 1985); otherwise there is no right to a hearing.

■ By claiming that she lacked capacity to enter into the agreement and by claiming that she had not breached an enforceable term of the agreement, Briscoe alleged facts which, if proven, would give the board jurisdiction over her appeal. An allegation standing alone, however, is not sufficient. Although an appellant need not prove her entire case before she is entitled to a hearing, the board may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations.

Briscoe claims she was mentally ill when she signed the agreement, but none of the documents submitted to the board support her. The only evidence she submitted covering the time frame during which she entered into the agreement was a doctor's opinion which stated that she was doing well. She now argues that this one opinion should not be dispositive of whether she had capacity to

enter into the agreement. We agree that the single opinion does not necessarily resolve whether Briscoe had capacity to enter into the agreement, but the point which she does not grasp is that neither this nor any other document she submitted, supports the allegation that she lacked capacity to enter into the agreement in 1992. Thus, there is just no evidence to support her and, as a result, the board correctly concluded that her allegation was frivolous.

Likewise, Briscoe maintains that she was entitled to a jurisdictional hearing because she raised the issue of compliance with the agreement. Her compliance arguments, however, are centered on provisions of the agreement which were not the basis for the board's decision. *See* note 2, *supra*. She dealt with the violation of the leave balance provision cursorily, merely stating that "Petitioner questions the agency's allegation of noncompliance with the LCA." As with the incapacity issue, there was only an unsupported, conclusory allegation.[3]

Finally, Briscoe argues that she was unable to properly support her allegations because the board would not allow discovery of agency practices and documents. The interrogatories which accompanied her discovery motion, however, were not directed at the threshold issues of capacity and compliance, but focused on the removal action underlying the last chance agreement. Only by pure chance might such discovery have revealed any information relevant to the jurisdictional question. She also argues that because the board did not compel discovery she "was unable to take a deposition of [her] doctor, or to call [her doctor] as a witness at a hearing to testify as a treating physician regarding her mental state in April, 1992." We do not see how the board's refusal to order discovery resulted in Briscoe's inability to provide documentation for her allegations. A discovery order is not needed for a representative to investigate his own client's case. No reason appears why Briscoe could not support her allegations from statements or affidavits from her doctors or from any other sources she might have sought out without the necessity of compelled discovery.

### Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

*AFFIRMED.*

---

3. The board's conclusion about Briscoe's allegation that she lacked the mental capacity to subscribe to the agreement disposes of her belated argument that the agreement, and the agency's enforcement of it, violated the Rehabilitation Act of 1973, Pub.L. No. 93–112, 87 Stat. 357 (codified as amended at 29 U.S.C. §§ 701–7976 (1988 & Supp. V 1993)). There was no occasion to consider accommodating a handicapping condition as required by the Rehabilitation Act. But even if there had been, she still had access to the EEOC. *See* note 1, *supra*. Likewise, bare allegations of intimidation, coercion, and the like, in violation of the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in various sections of 5 U.S.C. (1988 & Supp. V 1993)), do not suffice to raise those issues here—especially where the allegations are belied by the active participation of Briscoe's union representative during the last chance agreement negotiations and the representative's signature on the agreement.