99 F.3d 1158
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael J. MURPHY, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 96-3217.
 United States Court of Appeals, Federal Circuit.
 Sept. 10, 1996.
 
 Before ARCHER, Chief Judge, LOURIE and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Michael J. Murphy petitions for review of the March 14, 1996 final decision of the Merit Systems Protection Board, Docket No. PH0752950688I-1, dismissing his appeal for lack of jurisdiction on the ground that he had voluntarily waived his appeal rights in a last chance settlement agreement ("LCA"). Because the board did not err in determining that the LCA was valid and that Murphy violated it, we affirm.
 
 DISCUSSION
 
 2
 The Defense Logistics Agency ("the agency"), Defense Distribution Depot Susquehanna, New Cumberland, Pennsylvania, employed Murphy as a sandblaster. In 1993, the agency proposed removing Murphy from federal service as a result of misconduct consisting of excessive absence without leave. The agency agreed to hold the removal action in abeyance for a period of five years pursuant to the LCA, which Murphy and the agency entered into on March 25, 1993. The LCA stated, in pertinent part:
 
 
 3
 h. Mr. Murphy will comply with established leave and attendance requirements, and will obtain supervisory approval for all absences from duty. Mr. Murphy will provide acceptable documentation for any unscheduled sick leave and emergency annual leave requests
 
 
 4
 ....
 
 
 5
 l. Mr. Murphy understands that if he does not comply with any of the items 3b through 3k above during the life of this agreement, he will be removed from the Federal service....
 
 
 6
 4. Mr. Murphy and his representative hereby waive any and all rights to grieve, appeal, or otherwise contest the conditions imposed by this agreement, and any adverse action resulting from his failure to fulfill the conditions of this agreement during the period of probation. This waiver applies to an appeal or grievance in any forum, to include the MSPB and negotiated grievance procedures.
 
 
 7
 On July 14, 1995, the agency granted Murphy four hours of administrative leave to donate blood and instructed him to bring in documentation on the following work day verifying his donation of blood. On the next work day, Murphy provided his supervisor with a blood donor record on which the donation date was illegible. Upon contacting the donor facility, Murphy's supervisor was informed that Murphy actually gave blood on July 17, 1995, Murphy's day off, and not on July 14, 1995, the date on which Murphy was granted administrative leave. Subsequently, Murphy admitted that he had not given blood on the day approved, but had visited his girlfriend instead. The agency then changed the four hours of administrative leave to four hours absence without leave and removed him from federal service based upon his violation of the LCA.
 
 
 8
 Murphy filed an appeal with the board challenging his removal. In an initial decision, an administrative judge ("AJ") denied Murphy a hearing and dismissed the appeal for lack of jurisdiction after finding that Murphy's actions violated the LCA. The AJ held that the LCA was a valid agreement and therefore that Murphy had waived his right to appeal his removal to the board. Murphy subsequently petitioned the full board for review. The initial decision became final when the board denied Murphy's petition for review. See 5 C.F.R. § 1201.113(b) (1996). Murphy now petitions for review by this court.
 
 
 9
 When reviewing a decision by the board, we may reverse only if the decision was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 10
 Murphy argues that he complied with established leave and attendance requirements because it was past practice in the agency to take leave to donate blood on one day, but actually donate blood on another. In support, Murphy identifies two other employees he believed had not given blood on the day they were granted administrative leave. Murphy provided no additional evidence to support his allegations.
 
 
 11
 The record reflects, however, that one of the identified employees had given blood on the day he was granted administrative leave. The other employee had taken ill on the day he was granted administrative leave and subsequently requested and was granted annual leave, instead of administrative leave for his time off. Neither of the two identified individuals had taken administrative leave for blood donation on one day, yet donated blood on another. Furthermore, Murphy's supervisor stated that, according to standard practice, employees were granted administrative leave to donate blood provided they bring in a donor slip confirming the donation of blood on the day approved. Murphy admitted that he took leave for the purpose of donating blood and did not use the leave for the stated purpose. Thus, the AJ's finding that Murphy had violated the LCA was supported by substantial evidence. Furthermore, because Murphy failed to present any evidence that supports his allegation of jurisdiction, the board did not err in denying Murphy a hearing. See Briscoe v. Department of Veterans Affairs, 55 F.3d 1571, 1573 (Fed.Cir.1995) (the board may dispense with a jurisdictional hearing if the petitioner fails to present sufficient evidence for the board to determine, in the first instance, whether there is any support for the petitioner's allegations that the board has jurisdiction). Accordingly, the board did not err in dismissing the appeal for lack of jurisdiction. See id.
 
 
 12
 Finally, Murphy argues that the board incorrectly failed to consider his reply to the agency's response to his petition for review. The board did not consider Murphy's reply because it was untimely filed and because Murphy failed to show that it was based on evidence not previously available. See 5 C.F.R. § 1201.114(i) (1996). These conclusions were supported by substantial evidence. Thus, Murphy's reply was not part of the record before the board and the board's failure to consider it was not contrary to law. See id.