98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larest HILL, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 96-3186
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1996.
 
 Before ARCHER, Chief Judge, MAYER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larest Hill petitions for review of a decision of the Merit Systems Protection Board, Docket No. PH0752950474-I-1 (Sept. 14, 1995), which dismissed his appeal for lack of jurisdiction. The initial decision became final when the board denied Hill's petition for review on March 5, 1996. We affirm.
 
 
 2
 Hill entered into a last chance settlement agreement with the Department of Transportation in order to avoid removal based on charges of absence without approved leave and failure to follow established leave procedures. Among other terms, Hill agreed to successfully complete a thirty-day inpatient alcohol rehabilitation program, and to waive his right of appeal to the board from any violation of the last chance settlement agreement.
 
 
 3
 Hill entered, but failed to complete the required 30-day inpatient program. He claimed that he left the program because his medical insurance would not cover the entire period of treatment. The agency subsequently removed him for violation of the last chance settlement agreement and he appealed to the board.
 
 
 4
 The board ordered Hill to submit evidence and argument supporting jurisdiction over the appeal by showing that he did not violate the agreement, that the agency acted in bad faith, or that he did not voluntarily enter into the agreement. Hill responded with an affidavit claiming that his discharge from rehabilitation was beyond his control because his medical insurance would not pay for his entire stay at the hospital and he was financially unable to pay for the remainder of the treatment.
 
 
 5
 The board determined that the agreement was not conditioned upon the inpatient treatment being paid by Hill's insurance company. Additionally, it found that Hill could have made arrangements with the hospital for deferred payment of the treatment and that he was being paid by the agency while he was being treated thus providing a means for payment of the bills. Based on these findings, the board determined that Hill failed to raise a non-frivolous allegation of compliance with the settlement agreement and dismissed the appeal for lack of jurisdiction.
 
 
 6
 We review the board's decision within precisely defined statutory limits. 5 U.S.C. § 7703(c) (1994); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the decision unless we determine it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).
 
 
 7
 "An employee may waive [his] right of appeal to the board if [he] freely enters into a last chance agreement." Briscoe v. Department of Veterans Affairs, 55 F.3d 1571, 1573 (Fed.Cir.1995). "A waiver may eliminate the employee's right to appeal any aspect of the underlying removal, including both the factual basis and the legal validity of the proposed removal action." Id. When an employee signs a last chance settlement agreement waiving future rights of appeal to the board, he may only appeal from the agreement by presenting substantive allegations that he did not violate the agreement, that the agency acted in bad faith, or that he did not voluntarily enter into the agreement. Stewart v. United States Postal Serv., 926 F.2d 1146, 1148-49 (Fed.Cir.1991); McCall v. United States Postal Serv., 839 F.2d 664, 667-68 (Fed.Cir.1988). "It is the board's responsibility to determine whether these preconditions for enforcement of an agreement have been met. If the conditions are met and the agreement is enforceable, then the board is without jurisdiction to hear the appeal." Briscoe, 55 F.3d at 1573 (citations removed). Hill alleges that he was unable to comply with the terms of the settlement agreement and that they are therefore unenforceable. He does not allege that the agency acted in bad faith or that he involuntarily entered into the last chance settlement agreement.
 
 
 8
 We see no error in the board's determination that the settlement agreement was not contingent upon Hill's medical insurance paying for the inpatient treatment program. Further, Hill did not prove to the board that he was financially unable to pay for the remainder of the required stay at the hospital. On appeal he has not shown that the board's determination was not supported by substantial evidence or otherwise incorrect.