Oressa SPRINGS, Petitioner,

v.

DEPARTMENT OF THE TREASURY,
Respondent.

No. 01–3196.

United States Court of Appeals,
Federal Circuit.

Aug. 10, 2001.

Before SCHALL, BRYSON, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Oressa Springs petitions for review of the final decision of the Merit Systems Protection Board in Docket No. CH–0752–00–0310–I–1 dismissing her appeal for lack of jurisdiction. We *affirm.*

## BACKGROUND

Ms. Springs was employed as a Data Transcriber at the Cincinnati Service Center of the Internal Revenue Service (IRS). In a letter dated June 17, 1996, the IRS proposed to remove Ms. Springs from her position because of incidents of insubordination, improper disclosure of taxpayer information, and inappropriate, unusual, and disruptive behavior. On July 25, 1996, Ms. Springs met with union and agency officials and was presented with a last chance settlement agreement. On September 9, 1996, she and her union representative signed the agreement. Beside her signature, Ms. Springs wrote the letters "U.P." She states that "U.P." meant that she was signing the agreement under protest.

The terms of the settlement agreement held her removal in abeyance for two years provided that she enter an identified counseling program and that she submit specific documentation confirming her participation in the program. The agreement also provided that in the event of its breach, Ms. Springs would be removed and would have no right to appeal her removal to the Board.

On November 7, 1996, the IRS informed Ms. Springs that it was reinstating her removal because she had materially breached the agreement. The IRS contended that she had breached the agreement by failing to enter a counseling program, not submitting required documentation, and revoking the agreement to permit the release of information. Her removal was made effective as of November 8, 1996.

Ms. Springs then filed a complaint with the agency asserting that she was removed in reprisal for prior discrimination complaints. On January 7, 2000, the agency issued a final decision on her complaint, finding that she was removed for violating the agreement, not in reprisal for her prior protected complaints. On February 12, 2000, Ms. Springs appealed her removal to the Board. In response, the agency moved to dismiss her appeal based on the waiver of appeal rights in the settlement agreement.

The administrative judge who was assigned to the case ordered Ms. Springs to file evidence and argument to prove that her appeal was within the Board's jurisdiction. The administrative judge's order informed Ms. Springs that she could meet her burden by making a nonfrivolous allegation that she did not violate the agreement, that she did not voluntarily enter into the agreement, or that the agency had acted in bad faith.

Ms. Springs responded to the order by stating that she had signed the agreement under protest, that she had not intended to waive her appeal rights, and that the agency had acted in bad faith in her original

removal action and by harassing her and ignoring her complaints about the harassment. After considering the parties' submissions, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. Ms. Springs petitioned the full Board for review, and after the full Board denied the petition Ms. Springs petitioned this court for review.

## DISCUSSION

■■■ As part of a last chance settlement agreement, an employee may waive the right to appeal a removal action to the Board if the employee enters the agreement voluntarily. *Briscoe v. Dep't of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed.Cir. 1995); *McCall v. U.S. Postal Serv.*, 839 F.2d 664, 666 (Fed.Cir.1988). In order for such an agreement to be enforceable, the employee must have had the capacity to enter the agreement, *Briscoe*, 55 F.3d at 1573, and the agency must not have acted in bad faith in procuring and enforcing the agreement, *McCall*, 839 F.2d at 667. Moreover, when an agency removes an employee for breaching a settlement agreement in which the right of appeal was waived, the employee can obtain review by making a nonfrivolous showing that the employee complied with the agreement. *Stewart v. U.S. Postal Serv.*, 926 F.2d 1146, 1148 (Fed.Cir.1991). If the Board concludes that the agreement is enforceable and the employee breached the agreement, the consequence is that the Board is without jurisdiction to hear the appeal of the underlying removal action. *Briscoe*, 55 F.3d at 1573.

■■■ Ms. Springs has not challenged the Board's finding that she breached the settlement agreement. Instead, she argues that the agreement is unenforceable. Her first argument is that the agreement is not enforceable because she did not enter into it freely and voluntarily, but was coerced into signing it. The Board found that she failed to make a nonfrivolous showing of coercion, and we uphold that finding. The facts before the Board show that prior to her signing the agreement, she was counseled by a union representative and given the opportunity to ask the agency questions regarding the agreement. Several weeks after the agreement was presented to her, both she and the union representative signed the agreement. She received the benefit of the agreement, namely keeping her job, and she initially complied with the agreement by seeking counseling. Thereafter, according to the agency's undisputed account, Ms. Springs gave the IRS misinformation about the identity of her counselor, she revoked her agreement to permit the IRS to provide information to her counselor, and she failed to provide documentation about the counseling program that was required by the agreement.

Ms. Springs has not argued that she did not understand the agreement, nor has she argued that she lacked capacity to enter into it knowingly. That she was unhappy with the choices presented to her, and therefore executed the agreement "under protest," does not make the agreement unenforceable. Although Ms. Springs asserts that she was coerced into signing the agreement because she would have been removed from her position if she had not signed it, the fact that the alternative to signing was removal does not constitute coercion. That choice is inherent in any last chance settlement agreement. That a party is forced to make a difficult choice that effectively waives statutory rights does not make the process inherently coercive. *McCall*, 839 F.2d at 667.

The Board has held that an employee can show that a settlement agreement was coerced by demonstrating that the agency threatened to take a future disciplinary action that it knew or should have known could not be substantiated. *Fassett v. U.S. Postal Serv.*, 85 M.S.P.R. 677, 679

(2000). Ms. Springs, however, has presented no evidence that the IRS engaged in that kind of bad faith behavior in this case. Rather, the original notice of proposed removal provides detailed and multiple specifications of misconduct. Ms. Springs has never denied the truth of the charges in that notice, nor has she suggested that the agency knew it could not have sustained a removal action based on those charges.

Ms. Springs argues that the agreement is unenforceable because the agency engaged in improper conduct prior to (and possibly during) the period that the last chance settlement agreement was in effect. In particular, Ms. Springs alleges that agency officials harassed her by following her and calling her about a debt, and that the agency acted in bad faith by not responding to her complaints about the harassment. Even if those allegations are true, however, they do not demonstrate bad faith in the procurement or enforcement of the settlement agreement that would make the agreement unenforceable. Ms. Springs has not alleged that the agency's alleged misconduct somehow compelled her to enter into the agreement or prevented her from conforming to its terms.

Finally, Ms. Springs argues that the administrative judge did not consider all of the facts that she presented. She has failed to identify which facts were ignored, and our review of the administrative judge's opinion shows that the judge properly addressed the evidence provided by Ms. Springs to the extent that it related to the issue of jurisdiction. We therefore uphold the Board's ruling denying her request for relief from the order removing her from her position with the agency.