these issues in the Court of Federal Claims, we need not address them.

Last, Dr. Shaller asserts that the Court of Federal Claims should hear his case as a matter of public policy. An allegation of violation of public policy is not enough to confer jurisdiction on the Court of Federal Claims. *Le Blanc,* 50 F.3d at 1029 n. 3 (Fed.Cir.1995).

In conclusion, we affirm the decision of the Court of Federal Claims dismissing Dr. Shaller's petition for lack of jurisdiction and failure to state a claim upon which relief may be granted.

**Le Grand B. WILLIAMS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3012.

United States Court of Appeals, Federal Circuit.

DECIDED: March 7, 2003.

Before BRYSON, GAJARSA, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

After being removed from his position with the United States Postal Service, Le Grand B. Williams appealed to the Merit Systems Protection Board. The Board dismissed his appeal for lack of jurisdiction. Docket No. DA–0752–02–0294–1–1, 92 M.S.P.R. 230. The Board concluded that the appeal was barred by the terms of a last chance agreement entered into by Mr. Williams and the Postal Service. We uphold the Board's decision that the agreement included a valid and enforceable waiver of Mr. Williams's appeal rights and that Mr. Williams violated the agreement. We therefore *affirm* the Board's order dismissing the appeal.

## BACKGROUND

Mr. Williams worked as a mail handler for the Postal Service. On May 25, 2000, the Postal Service issued a notice of proposed removal to Mr. Williams for failure to maintain a regular schedule. The Postal Service cited eight instances of unscheduled absence when Mr. Williams was either late, absent without leave, or on sick leave. The Postal Service and Mr. Williams then entered into a last chance agreement, which specified that the Postal Service would hold Mr. Williams's removal in abeyance for a period of up to a year, provided that he submit to unannounced drug tests. The agreement stated that "[f]ailure to take the urinalyses as scheduled or any positive results, will be automatic grounds for removal without recourse to EEO procedures or MSPB appeal." The agreement recited that Mr. Williams "waives further appeal of this action or any subsequent action which may be necessitated by a violation of any of the [agreement's] terms for the agreed period of one (1) year from this date." The waiver explicitly covered all avenues of appeal, including any review by the Board or the courts.

On December 29, 2000, Mr. Williams tested positive for marijuana metabolites. The Postal Service then charged Mr. Williams with breach of the last chance agreement and reinstated his removal, effective March 23, 2001. After Mr. Williams filed a grievance contesting the removal, an arbitrator found that the last chance agreement was enforceable and that the matter was not arbitrable. Mr. Williams then appealed to the Board, but the administrative judge to whom the case was assigned dismissed the appeal for lack of jurisdiction.

The administrative judge found that Mr. Williams entered into the agreement voluntarily and not under pressure from the Postal Service. The administrative judge noted that Mr. Williams acknowledged in the agreement that he entered into it of his own "free choice, without duress, coercion or intimidation." With respect to Mr. Williams's breach of the agreement, the administrative judge stated that, while Mr. Williams denied that he had smoked marijuana, he did not offer an explanation for the positive test result. Mr. Williams also did not "dispute the fact that the findings of his drug test were positive nor did he challenge the testing procedures." In response to Mr. Williams's argument that a labor relations specialist had told him he would be given a second chance if he tested positive for drugs, the administrative judge explained that "the agreement itself contains no such assurance." Because the administrative judge found that Mr. Williams voluntarily executed the last chance agreement waiving his appeal rights and that Mr. Williams had violated

the agreement by testing positive for marijuana, the administrative judge concluded that the waiver of appeal was effective and that the Board did not have jurisdiction over the appeal. When the full Board denied Mr. Williams's petition for review, the initial decision of the administrative judge became the final decision of the Board.

## DISCUSSION

 It is well established that a federal employee can waive future appeal rights in a last chance agreement. *Gibson v. Dep't of Veterans Affairs,* 160 F.3d 722, 725 (Fed.Cir.1998). When an employee enters into a last chance agreement that waives the right to appeal in the event of a violation of the agreement, the employee can overcome the waiver only if he can show that he did not violate the agreement, that he did not voluntarily and knowingly enter into the agreement, or that the agency breached the agreement. *Buchanan v. Dep't of Energy,* 247 F.3d 1333, 1338 (Fed.Cir.2001); *Link v. Dep't of the Treasury,* 51 F.3d 1577, 1582 (Fed.Cir. 1995).

 Mr. Williams argues that he "didn't want to sign a Last Chance Agreement at first, but word from Acting PM Cassel, I was out the door if I didn't sign." The administrative judge correctly stated that the unpleasant alternative of removal that Mr. Williams faced does not render his acceptance of the agreement involuntary, nor does it amount to coercion or duress. *See McCall v. United States Postal Serv.,* 839 F.2d 664, 667 (Fed.Cir.1988). The choice between removal and signing the agreement is inherent in any last chance agreement. Although the results of Mr. Williams's violation of the last chance agreement are severe, he freely entered into the agreement and is bound by the results caused by his failure to comply

with its terms. We therefore uphold the Board's determination that Mr. Williams did not sign the last chance agreement involuntarily.

 Mr. Williams also disputes the basis for the initial proposed removal that led to the last chance agreement. For example, he contends that he had permission to arrive at work late on Sundays and that his liaison supervisor did not inform him that he had an attendance problem. Mr. Williams argues that other employees were given "a discussion," restricted sick leave, a letter of warning, a 7–day suspension, and a 14–day suspension before being removed, whereas he had been given only a letter of warning, a 7–day suspension, and a 14–day suspension before being issued a notice of proposed removal. Mr. Williams also cites provisions of the Postal Service's Employee and Labor Relations Manual, including those related to unscheduled absences and restricted sick leave, to show that agency officials did not comply with the Manual, and he argues that if the Postal Service had complied with the Manual, there would have been no need for him to enter into a last chance agreement. Those arguments, however, relate to the underlying charge that led to his proposed removal, and Mr. Williams has waived any challenge to the underlying charge and the proposed removal by signing the last chance agreement. *See Briscoe v. Dep't of Veterans Affairs,* 55 F.3d 1571, 1573 (Fed. Cir.1995) ("A waiver may eliminate the employee's right to appeal any aspect of the underlying removal, including both the factual basis and the legal validity of the proposed removal action.").

Mr. Williams does not argue that the agency knew that it could not have sustained a removal action based on the underlying charges. Accordingly, we agree with the Board that Mr. Williams failed to show that the agency acted in bad faith in

obtaining his assent to the agreement, which has been recognized as a legal basis for challenging a removal action based on a last chance agreement.

■ Finally, there is substantial evidence to support the Board's conclusion that Mr. Williams violated the agreement by testing positive for drugs. Because the Board's decision is supported by substantial evidence and because Mr. Williams has not pointed to any legal error affecting the Board's conclusion that his appeal is barred by the last chance agreement, we sustain the Board's decision dismissing his appeal.