# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARTHA J. HARVIN,
       Appellant,

v.

DEPARTMENT OF AGRICULTURE,
       Agency.

DOCKET NUMBER
DC-0432-14-0154-I-1

DATE: February 5, 2015

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Martha J. Harvin</u>, Mount Rainier, Maryland, pro se.

<u>Cliff Lockett</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2    The appellant was formerly employed as an Issues Analyst with the agency's Food Safety and Inspection Service, Office of Public Affairs and Consumer Education (OPACE). Initial Appeal File (IAF), Tab 10, subtab 4b. On September 12, 2013, the agency proposed the appellant's removal for failure to successfully complete a performance improvement plan and provided her with an opportunity to respond to the proposal. IAF, Tab 10, subtab 4e. On October 24, 2013, after considering the appellant's written response to the proposal, the agency sustained her removal. IAF, Tab 10, subtab 4d. In lieu of being removed, the appellant elected to resign effective October 24, 2013, via an email to the Deputy Assistant Administrator, OPACE. IAF, Tab 10, subtab 4c. The agency accepted and processed the appellant's resignation. IAF, Tab 10, subtabs 4a-4b.

¶3    After resigning, the appellant filed an appeal asserting, "I am challenging the Agency's action. The Agency allegedly engaged in harmful procedural error and committed a prohibited personnel practice." IAF, Tab 1 at 4. The agency moved to dismiss the appellant's appeal for lack of jurisdiction, asserting that her resignation was voluntary. IAF, Tab 10, subtab 1 at 4-6. The administrative judge issued an order directing the appellant to file evidence and/or argument amounting to a nonfrivolous allegation that her involuntary resignation appeal was within the Board's jurisdiction. IAF, Tab 12. The order provided the appellant with information regarding how to adequately allege that a resignation was involuntary. *Id.* In response, the appellant submitted an affidavit, with various supporting attachments, in which she argued generally that she resigned because of duress, coercion, and misrepresentation by the agency, the agency made misleading statements on which she relied to her detriment, her working conditions were "so difficult because of discrimination," and the agency did not

allow her to withdraw her resignation on October 24, 2013, without a valid reason. IAF, Tab 13 at 2. Specifically, the appellant argued that her resignation was involuntary because she was not informed of the removal decision until 12:00 p.m. on October 24, 2013, she was only given until the close of business to decide whether to resign, and the agency denied her request for an extension of time to decide. *Id.* at 5.

¶4　　Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction on the ground that the appellant failed to nonfrivolously allege that her resignation was involuntary. IAF, Tab 15, Initial Decision (ID) at 5-8. The administrative judge found that the agency did not coerce the appellant to resign by denying her request for additional time to decide whether to resign in lieu of being removed and that she did not contend that she attempted to rescind her resignation prior to or on October 24, 2014, the effective date of her resignation. ID at 6-7. The appellant has filed a petition for review in which she generally reiterates her arguments below.[2] Petition for Review (PFR) File, Tab 1. The agency filed a response in opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5　　An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary

---

[2] The appellant also argues for the first time on review that she relied upon misleading and erroneous advice by the agency that she could appeal her resignation and that she was not given an option to resign prior to the effective date of her removal on October 24, 2013. PFR File, Tab 1 at 3-4. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not attempted to show that her new arguments are based on new or material evidence not previously available. PFR File, Tab 1. Accordingly, the appellant's new arguments will not be considered for the first time on review.

resignation, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010). To overcome the presumption that a resignation was voluntary, the appellant must show that it was the result of the agency's misinformation or deception or was coerced by the agency. *See Vitale*, 107 M.S.P.R. 501, ¶ 19. To establish involuntariness on the basis of coercion, the appellant must demonstrate that the agency imposed the terms of the resignation, the appellant had no realistic alternative but to resign, and the resignation was the result of improper actions by the agency. *Hosozawa*, 113 M.S.P.R., ¶ 5. It is well established that the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential adverse action does not rebut the presumed voluntariness of her ultimate choice of resignation. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008). However, if an appellant shows that an agency knew that it would not prevail on a proposed adverse action, the proposed action is coercive and the resulting resignation is involuntary. *Id.*

¶6        Here, as the administrative judge correctly found, the appellant did not nonfrivolously allege that the agency knew that it could not support the charges in the proposed removal. ID at 6. We further agree with the administrative judge that the agency's denial of the appellant's request for additional time to decide whether to resign in lieu of being removed was not coercive and did not render the appellant's resignation involuntary. ID at 6-7; *see, e.g.*, *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1335 (Fed. Cir. 2008) (finding that the fact the appellant had a relatively short period of time to decide whether to sign a settlement agreement and resign in lieu of receiving the notice of proposed removal did not render his resignation involuntary); *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987) (where an employee is merely faced with a choice between two unpleasant alternatives, either resign or be removed for cause, then such a choice is not involuntary). Moreover, the appellant's conclusory, vague, and unsupported statements that she resigned because of

duress, coercion, and misrepresentation by the agency, because the agency made misleading statements on which she relied to her detriment, and that her working conditions were intolerable due to discrimination are insufficient to meet the nonfrivolous allegation standard to establish Board jurisdiction.[3] *See Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573-74 (Fed. Cir. 1995) (bald allegations standing alone do not meet the nonfrivolous allegation standard); *see also Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007) (pro forma allegations are insufficient to satisfy the nonfrivolous standard).

¶7    The appellant also alleges that her separation was involuntary based on the agency's refusal to allow her to withdraw her resignation. PFR File, Tab 1 at 6. An employee's resignation may be deemed involuntary, and therefore within the Board's jurisdiction, if the agency improperly denied her request to withdraw her resignation before its effective date. *See Levy v. Department of Homeland Security*, 109 M.S.P.R. 444, ¶ 18 (2008). In her affidavit submitted below, the appellant indicated, "I sought to withdraw my proposed offer to resign prior to [the] tight deadline of COB [close of business] on October 24, 2013, but the agency did not have a valid reason for not allowing its withdrawal." IAF, Tab 13 at 2. On review, the appellant further explains her assertion that she tried to rescind her resignation. She asserts for the first time that on the afternoon of October 24, 2013, she informed the Equal Employment Opportunity (EEO) office that she wanted to rescind her resignation, however, the EEO specialist, who indicated that she would need to check with her supervisor and call the appellant back, failed to contact the appellant before the end of the day. PFR File, Tab 1 at 6.

¶8    Based on the record, we find that the administrative judge improperly concluded that the appellant did not contend that she attempted to rescind her resignation prior to it becoming effective. ID at 7. We further find that the

---

[3] In any event, we note also that on review the appellant now asserts that she did not resign due to her working conditions. PFR File, Tab 1 at 6.

appellant's allegation that she attempted to timely withdraw her resignation is sufficient to constitute a nonfrivolous allegation that her resignation was involuntary. Accordingly, the appeal must be remanded for the appellant's requested hearing. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc) (where an appellant makes a nonfrivolous allegation of Board jurisdiction over an appeal, the appellant is entitled to a hearing on the jurisdictional question); *see also Levy*, 109 M.S.P.R. 444, ¶¶ 19-20 (remanding the appeal for a jurisdictional finding where the appellant nonfrivolously alleged that her resignation was involuntary).

¶9　　　On remand, the administrative judge should afford the appellant her requested hearing and decide whether she did, in fact, communicate to the agency her desire to withdraw her resignation prior to its effective date; whether the agency refused, denied, or otherwise did not act upon such a request; and if so, whether the agency had an acceptable reason for its refusal, denial, or inaction. *Cf. Glenn v. U.S. Soldier's & Airmen's Home*, 76 M.S.P.R. 572, 576-77 (1997) (an employee does not have a right to withdraw a resignation after its effective date).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:　　　　　　　　　_____
　　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.