# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICARDO  CENDEJAS,

          Appellant,

       v.

DEPARTMENT OF THE NAVY,

          Agency.

DOCKET NUMBER
SF-0752-15-0441-I-1

DATE: February 18, 2016

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Peter J. Horton</u>, Esquire, Westlake Village, California, for the appellant.

<u>Richard D. Ruppe</u>, Esquire, San Diego, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction pursuant to an appeal rights waiver in a last chance settlement agreement (LCA).  For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2    The agency removed the appellant, a GS-06 Police Officer, on two charges, failure to follow standard operating procedure and sleeping on duty, and the parties settled the appellant's subsequent Board appeal of that action with an LCA.  Initial Appeal File (IAF), Tab 6 at 191-202; *Cendejas v. Department of the Navy*, MSPB Docket No. SF-0752-14-0180-I-1, Initial Decision (Apr. 2, 2014).  Pursuant to the parties' agreement, in pertinent part, the agency agreed to cancel the appellant's removal and he agreed to waive his Board appeal rights such that the agency may effect his removal under the cancelled action "if at any time within the next 24 months his performance, conduct, and/or attendance are less than satisfactory."  IAF, Tab 6 at 192.

¶3    The agency reassigned the appellant in keeping with the parties' agreement and, at his supervisor's request, the appellant volunteered to attend training at the Federal Law Enforcement Training Center (FLETC) in Georgia.  *Id.* at 191-92; IAF, Tab 5 at 24.  The appellant attended the training and experienced several injuries, including a fractured rib; he attempted to continue the training but failed two exams, which made him ineligible to graduate from the FLETC program and required him to return immediately to his duty station.  IAF, Tab 5 at 24, Tab 6 at 14-15.  The agency subsequently reinstated the prior removal action pursuant to the LCA, notifying the appellant that, due to his failure to complete the FLETC training, he had failed to demonstrate acceptable performance and to meet a condition of employment, and that he therefore had violated the terms of the parties' agreement.  IAF, Tab 6 at 11-13.

¶4    The appellant subsequently filed this appeal in which he argued that his failure to pass the FLETC exams did not indicate poor performance and that, because he volunteered for the FLETC training, it was not a condition of his employment.  IAF, Tab 1.  The administrative judge gave the appellant notice of the elements and burdens of establishing jurisdiction over an action involving an LCA.  IAF, Tab 2; *see, e.g.*, *Link v. Department of the Treasury*, 51 F.3d 1577,

1582 (Fed. Cir. 1995). The parties responded and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tabs 5-7. Without holding the requested hearing, the administrative judge granted the agency's motion and dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that he complied with the LCA or that the agency breached it. IAF, Tab 8, Initial Decision (ID) at 1, 5-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        In his petition for review, the appellant argues for the first time that the agency breached the agreement when it failed to give him notice of his alleged breach within 30 days, and he reiterates his argument that his failure to complete FLETC training did not demonstrate poor performance. Petition for Review (PFR) File, Tab 1 at 7-8. The appellant argues that the agreement is ambiguous because the agency has not established a link between performance and training, and he requests a hearing to submit parol evidence as to the parties' intent in drafting the agreement. *Id.* at 8. He also argues that he received a satisfactory performance evaluation just prior to the FLETC training, and he reiterates that the training at issue was not required for his position and his performance standards do not indicate that the completion of such training is an element in the evaluation of an officer's performance. *Id.* at 9. In that regard, the appellant implicitly accuses the agency of bad faith in relying on his training failure as evidence of unsatisfactory performance because he volunteered to attend, and neither the LCA nor, as noted above, his performance standards explicitly link performance with training. *Id.* at 8-9. The agency responds in opposition. PFR File, Tab 3.

¶6        The Board does not have jurisdiction over an action taken pursuant to an LCA in which the appellant waives his Board appeal rights, unless he shows that the waiver is unenforceable. *E.g.*, *Smith v. Department of the Interior*, 113 M.S.P.R. 592, ¶ 6 (2010). To establish that the waiver of appeal rights in an

LCA is unenforceable, the appellant must show that: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id*. Where an employee raises a nonfrivolous factual issue of compliance with an LCA, the Board must resolve that issue before addressing the scope and applicability of a waiver of appeal rights. *Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148 (Fed. Cir. 1991). More importantly, where an appellant makes a nonfrivolous allegation of fact that he did not breach an LCA, a jurisdictional hearing is warranted to resolve the issue of compliance. *See Williams v. Department of the Treasury*, 52 M.S.P.R. 344, 347 (1991). A nonfrivolous allegation of fact in this instance is one that, if proven, would establish a prima facie case that the appellant did not breach the LCA. *See Briscoe v. Department of Veterans Affairs*, 63 M.S.P.R. 137, 140 (1994), *aff'd*, 55 F.3d 1571 (Fed. Cir. 1995) (Table). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *E.g.*, *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶7    Based on the appellant's sworn statement, in which he asserts that he volunteered for the FLETC training course, the successful completion of which was not required as a condition of his employment, and that he was unable to pass the course based on medical reasons, we find that the appellant nonfrivolously alleged that he did not breach the LCA. IAF, Tab 5 at 23-25. Accordingly, we conclude that a jurisdictional hearing is warranted to resolve the issue of compliance. *Williams*, 52 M.S.P.R. at 344.

¶8　　　In removing the appellant for violating the LCA, the agency indicated that his failure to complete the FLETC training demonstrated unacceptable performance. IAF, Tab 6 at 11. The agency also stated that his failure to complete the training resulted in a failure to meet a condition of employment. *Id.* The administrative judge found that completion of the FLETC training "appear[ed]" to be a condition of the appellant's employment. ID at 7. She then found that, in any event, "the agency did not remove the appellant for failure to meet a condition of employment." *Id.* That statement seems to conflict with the removal notice itself, which cites the appellant's alleged failure to meet a condition of employment in determining that he failed to demonstrate acceptable performance. IAF, Tab 6 at 11. On remand, the administrative judge should examine what effect, if any, the agency's reference to the appellant's alleged failure to meet a condition of employment has on its removal action pursuant to the LCA considering it is unclear based on the existing record that a failure to complete the training was performance related. In conducting the analysis, she should also determine whether completion of the FLETC training was in fact a condition of the appellant's employment, a matter over which there appears to be a genuine dispute, *see* IAF, Tab 5 at 13-14, Tab 7 at 7.

¶9　　　Although the appellant claims that the agency breached the agreement by not providing him with notice of his alleged breach within 30 days, PFR File, Tab 1 at 7, he did not make this argument below, and the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence, *e.g.*, *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant makes no such showing. Nevertheless, even if the agency failed to provide the required notice of breach, that alone would not be a material breach of the parties' agreement because such notice was not a "major benefit" that the appellant received through the agreement. *Cf. Galloway v. Department of Agriculture*, 110 M.S.P.R. 311, ¶ 8

(2008) (observing that the appellant did not materially breach the settlement agreement by failing to give notice before filing an enforcement action because the notice provision was not a matter of vital importance going to the essence of the contract).

¶10    Finally, because we have determined that the appellant is entitled to a jurisdictional hearing, the timeliness of the instant appeal is once again at issue. ID at 7 n.2; *see* IAF, Tab 2 at 2-3; Tab 5 at 14; Tab 6 at 5 n.1.  On remand, the administrative judge may make findings as to the jurisdictional and timeliness issues at her discretion, including whether to hold a hearing prior to issuing a new initial decision, should she find it necessary for proper adjudication.

## ORDER

¶11    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.