## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAPRICE ALI, | DOCKET NUMBER |
| Appellant, | DC-0752-23-0321-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: February 10, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jay Kyler, Esquire, Williamsburg, Virginia, for the appellant.

Chief Labor Law, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant alleges that she raised a nonfrivolous allegation of Board jurisdiction and that the administrative judge erred by weighing the evidence and resolving the parties' conflicting assertions to find otherwise. Petition for Review (PFR) File, Tab 1. Specifically, she contends that the administrative judge accepted the agency's assertions as true even though "[she] alleged, with supporting evidence, that she was transferred into a position for which she was not qualified and could not become qualified, thus, the [a]gency would have to terminate her." *Id.* at 6. We find the appellant's arguments unavailing.

A resignation is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). An appellant claiming that her resignation is involuntary is entitled to a hearing on jurisdiction only if she makes nonfrivolous allegations casting doubt on the presumption of voluntariness. *Id.*, ¶ 10. The appellant ultimately bears the burden of establishing jurisdiction over her appeal

by a preponderance of the evidence. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007); 5 C.F.R. § 1201.56(b)(2)(i)(A).

To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if proven, could show jurisdiction. *Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 14 (2010). Mere pro forma allegations are insufficient to meet the standard. *Id.* The Board has found that, in determining whether an appellant has made a nonfrivolous allegation of Board jurisdiction, an administrative judge may consider an agency's documentary submissions; however, to the extent the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

Here, the administrative judge analyzed the appellant's allegations and considered the totality of the circumstances in finding that the appellant did not make a nonfrivolous allegation of Board jurisdiction.[2] Initial Appeal File (IAF), Tab 15, Initial Decision (ID) at 4-7. We agree with the administrative judge. Other than her bare assertions that the agency subjected her to discrimination based on race and reassigned her to a position to which she was unqualified, the appellant did not allege facts or offer evidence that would show that her work conditions were so intolerable that she had no choice but to resign. PFR File, Tab 1 at 5-9. Even if we accept as true the appellant's allegations that the agency improperly reassigned her to a lateral position that she did not qualify for, her unsupported and vague arguments do not constitute nonfrivolous allegations of

---

[2] In the initial decision, the administrative judge discussed the agency's evidence and argument concerning the appellant's lateral transfer to the Program Analyst position. ID at 4-5. Although the Board may not deny jurisdiction by crediting the agency's interpretation of the evidence, *Ferdon*, 60 M.S.P.R. 325, 329, we find that the administrative judge did not rely on the agency's interpretation of the evidence, or otherwise weigh evidence, in finding that the appellant failed to nonfrivolously allege that she involuntarily resigned.

Board jurisdiction. *See Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573-74 (Fed. Cir. 1995) (finding that bald allegations standing alone do not meet the nonfrivolous allegation standard); *see also Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007) (stating that pro forma allegations are insufficient to satisfy the nonfrivolous standard).

For the reasons stated in the initial decision, we agree that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over this appeal, and we find that the appellant's mere disagreement on review with the administrative judge's findings does not provide a basis for disturbing the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.