NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3179

LARRY O. WORRELL,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED: February 17, 2006

_____

Before NEWMAN, DYK, and PROST, Circuit Judges.

PER CURIAM.

Mr. Larry O. Worrell petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0752040552-I-1, dismissing his appeal pursuant to a waiver of appeal rights contained in an agreement with his employer the Department of the Navy.[1]  We affirm the decision of the Board.

BACKGROUND

---

1       Worrell v. Dep't of Navy, 2004 MSPB LEXIS 3536, No. DC0752040552-I-1 (July 12, 2004) (initial decision); Worrell v. Dep't of Navy, No. DC0752040552-I-1 (May 2, 2005) (final decision).

Mr. Worrell was first removed from his employment with the Navy on October 7, 1998. He filed an appeal to the MSPB, and the parties entered into a "last chance" agreement on January 6, 1999. The Navy returned Mr. Worrell to his position, and he agreed to "maintain satisfactory punctuality, attendance, and good general work habits and conduct," stated his understanding that failure to abide by the agreement would warrant removal, and "voluntarily and of his own free will" waived his appeal rights to the MSPB.

On May 10, 2004 the Navy removed Mr. Worrell from employment, on charges of making threats to a supervisor, unauthorized absences on eight specified dates, and failure to follow leave procedures. On appeal to the MSPB, the administrative judge found that Mr. Worrell had made a nonfrivolous allegation that the absences were for medical reasons, but that he had not questioned the other charges. The administrative judge held that Mr. Worrell had violated the last-chance agreement and that he had waived the right of appeal, and dismissed the appeal for absence of jurisdiction. The full Board denied review. Mr. Worrell appeals to this court.

DISCUSSION

We review the decision of the Board to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. §7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Mr. Worrell appears pro se. He challenges the charges on which he was removed, and also challenges the initial charges that led to the last-chance agreement. The Board correctly held that he had waived the right of review of the initial charges when he entered into the last-chance agreement in 1999. See Gibson v. Dep't of Veterans Affairs, 160 F.3d 722, 725 (Fed. Cir. 1998) ("It is settled that an employee can waive the right to appeal in a last-chance agreement."); Brisco v. Dep't of Veterans Affairs, 55 F.3d 1571, 1573 (Fed. Cir. 1995) ("A waiver may eliminate the employee's right to appeal any aspect of the underlying removal, including both the factual basis and the legal validity of the proposed removal actions.")

To overcome the waiver as to the charges underlying the last-chance agreement, Mr. Worrell must establish that he did not breach the agreement, that the agency breached the agreement, or that he did not knowingly and voluntarily enter into the agreement. Buchanan v. Dep't of Energy, 247 F.3d 1333, 1338 (Fed. Cir. 2001). Although Mr. Worrell argues that the agreement was implemented with errors, he does not identify the errors or explain how they establish a lack of agreement or otherwise render the waiver unenforceable. We affirm that the last-chance agreement was validly entered.

The Navy states that Mr. Worrell breached the agreement, and that he waived all appeal rights as to future infractions. We do not think that the agreement can be read as an open-ended waiver of all access to Board review of all future adverse actions. However, we agree with that portion of the Navy's position that argues that Mr. Worrell waived the right to appeal the reinstitution of the adverse action based upon breach by Mr. Worrell of the last-chance agreement.

The Navy states that the present removal action was based on breach of the promises Mr. Worrell made in the last-chance agreement, specifically attendance procedures and good conduct, and therefore that he waived the right to appeal this removal. The Navy states that after his return to work in 1999 he was given a written statement of the requirements for obtaining leave, and that in the present removal he is charged with failing to properly schedule leave and failing to contact his supervisor when he expected to be late. We agree that this conduct can reasonably be construed as repeating the infractions that led to the last-chance agreement, and thus a breach of the last-chance agreement.

We need not decide whether the charge that he threatened his supervisor was properly construed as covered by the last-chance agreement, because before the administrative judge Mr. Worrell neither explained nor contradicted the charge, and the AJ deemed it admitted. He did deny this charge in his appeal to the full Board, but the Board was within its discretion in declining to review it, for, as the Navy points out, any contradictory evidence and argument should have been presented to the administrative judge.

Mr. Worrell argues that he was entitled to a hearing as to whether he waived all appeal rights, and as to the merits of the removal action. The Board found as follows:

> [T]he appellant has made a nonfrivolous allegation that he did not violate the LCA [last chance agreement] by failing to maintain satisfactory attendance because his absences were for documented medical reasons. Normally, after making a nonfrivolous allegation that he did not breach the agreement the appellant would be entitled to a hearing. In this case, however, the agency removed the appellant for two charges unrelated to his absences, i.e., failure to follow leave procedures and making threats to a supervisor. Because the appellant agreed in the LCA to maintain good general work habits and conduct, failure to follow leave procedures and making threats to a supervisor would violate the LCA. The appellant has not alleged that he did

> not breach the LCA by engaging in this misconduct. Therefore, even if he could meet his burden of proving that he did not breach the LCA with his absences, he breached it by engaging in the remaining charged misconduct.
>
> The appellant, I conclude, has not made a nonfrivolous allegation of facts that, if proven, would establish that he did not violate the LCA. Therefore, the waiver provision of the LCA precludes him from appealing his removal based on violations of the agreement to the Board.

Worrell, 2004 MSPB LEXIS 3536, at *4-5. Reversible error in this analysis and holding has not been shown. See Brisco, 55 F.3d at 1573 (Fed. Cir. 1995) (the employee must put forward nonfrivolous allegations that the last chance agreement was not violated). On the Board's holding that Mr. Worrell did not make nonfrivolous allegations that he did not violate the agreement, the Board's reliance on the waiver provision must be affirmed, warranting dismissal of his appeal.

No costs.