# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JESSIE LUMPKINS,
               Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
AT-0752-13-0297-I-2

DATE: January 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vaughn Simms</u>, Ridgeland, Mississippi, for the appellant.

<u>Johnston B. Walker</u>, Jackson, Mississippi, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      This case is back before the Board after we affirmed dismissal of the prior appeal without prejudice and forwarded the case to the regional office for refiling. *See Lumpkins v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0297-I-1 (I-1), Final Order at 5 (May 1, 2014) (hereinafter "Final Order"). The appellant was the Police Chief, GS-0080-13, at the G.V. "Sonny" Montgomery Medical Center, Department of Veterans Affairs, in Jackson, Mississippi. Final Order at 2. After initially proposing his removal, the agency reassigned him to a lower-graded position as a Safety and Occupational Health Specialist, GS-0018-11, pursuant to a predecisional last-chance settlement agreement (LCSA). *Id.*; *see* I-1, Initial Appeal File (IAF), Tab 6 at 6-9. The appellant argued on appeal that he entered into the LCSA under duress and that the agency discriminated against him based on color and disability. Final Order at 2 & n.2. Because the appellant was under the care of a psychiatrist and claimed that the medications he was taking affected his cognition, the administrative judge ordered him to (1) provide a statement from a medical doctor or other mental health professional indicating whether he would be able to understand the Board's proceedings and to assist his designated representative,

and (2) submit an affidavit or declaration indicating whether he was able to comprehend and understand the terms and conditions of the settlement agreement when he signed it on January 3, 2013. *Id.* at 2-3. The administrative judge further ordered him to show cause as to why the appeal should not be dismissed without prejudice if he did not submit these items or if he was unable to understand the Board's proceedings or to assist his designated representative during the proceedings. *Id.* After the appellant failed to respond within 14 days, the administrative judge issued an initial decision dismissing the appeal without prejudice, subject to refiling when one of a group of enumerated conditions was met. *Id.* at 3. The appellant argued that he had complied with the administrative judge's order, presenting a facsimile transmission he claimed to have sent to the regional office. *Id.* at 3-4. Even if the administrative judge *had* received the facsimile, the appellant had not included an affidavit or declaration indicating that he "was able to comprehend and understand the terms and conditions of the settlement agreement when he signed it on January 3, 2013," as ordered. *Id.* at 4; *see* I-1, IAF, Tab 9 at 2. The Board concluded that dismissal without prejudice was in the best interest of administrative efficiency and of fairness and forwarded the appeal to the regional office for refiling. Final Order at 4-5.

¶3      The Acknowledgment Order Upon Remand advised the appellant regarding the outstanding jurisdictional issue, which had not been adjudicated prior to dismissal. *Lumpkins v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0297-I-2 (I-2), IAF, Tab 2 at 1-4. Namely, the appellant signed a predecisional settlement agreement under which the agency agreed to hold his removal from federal service in abeyance and reassign him to a lower-grade position. *Id.* at 2. Such an agreement is presumed to be voluntary, and a voluntary reduction to a lower-graded position is not appealable to the Board. *See Koczan v. Department of the Army*, 42 M.S.P.R. 160, 164-65 (1989). The jurisdictional order advised the appellant regarding how he could establish that he had not freely and voluntarily entered into the settlement agreement. He asserted

that he was mentally incapacitated when the agreement was signed. *See* I-2, IAF, Tab 2 at 3-4.

¶4    After considering the appellant's responses during the pendency of this and the earlier appeal, the administrative judge found that the appellant had voluntarily entered into the settlement agreement. I-2, IAF, Tab 5, Initial Decision (ID) at 5-9. The administrative judge found that the appellant failed to nonfrivolously allege that he was mentally incapable of entering into a settlement agreement. ID at 5-9. He dismissed the appeal for lack of Board jurisdiction. ID at 9.

¶5    On review, the appellant advances several arguments for reversing or vacating the initial decision.[2] I-2, Petition for Review (PFR) File, Tab 1 at 1-4. He argues that the administrative judge improperly concluded that he signed the settlement agreement voluntarily. *Id.* He argues that he was not given adequate time to consider the ramifications of the agreement and that the agency intimidated him into signing it by making removal the only other option. *Id.* at 1. He also argues that the agency's decision letter regarding his removal was poorly written and substantively incomplete, *e.g.*, the agency failed to discuss the *Douglas* factors.[3] *Id.* at 2-3.

---

[2] The petition for review includes several attachments. To the extent that the appellant is seeking to submit additional evidence on review, we find that he has failed to submit new and material evidence that would support granting his petition. *See* 5 C.F.R. § 1201.115(d). The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). All of the documents appended to the petition for review pre-date the close of the record below and were previously submitted for the record. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (evidence that is already a part of the record is not new).

[3] *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). We note that the agency file included a separate document addressing the *Douglas* factors. *See* I-1, IAF, Tab 6 at 17.

¶6    As the administrative judge explained, however, the appellant entered into the LCSA in lieu of the agency's taking an adverse action under chapter 75.  ID at 4.  The Board will consider a settlement agreement reached outside of a Board proceeding to determine its effect on the Board appeal and any waiver of Board appeal rights.  *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006).  An appellant may challenge the validity of the settlement agreement if he believes that the agreement was unlawful, involuntary, or resulted from fraud or mutual mistake.  *Id.*, ¶ 13.  He may also challenge the enforceability of any waiver of Board appeal rights contained in such an agreement.  A waiver of Board appeal rights is enforceable if its terms are comprehensive, freely made, and fair, and execution of the waiver did not result from agency duress or bad faith.  *Id*., ¶ 17.

¶7    In deciding whether the appellant freely and voluntarily entered into the settlement agreement, the Board considers "whether the appellant was represented below; whether he has demonstrated that he was mentally impaired at the time of the settlement agreement; and whether he has otherwise shown that he was unable to understand the nature of the settlement agreement fully or to assist his representative in the appeal."  *Clede v. Department of the Air Force*, 72 M.S.P.R. 279, 283 (1996), *aff'd*, 113 F.3d 1257 (Fed. Cir. 1997) (Table).  The Board also will review any medical evidence submitted by the appellant to determine whether it is sufficient to show mental incapacity at the time the agreement was signed.  *See, e.g.*, *id.* at 286 (the appellant's scant documentary medical evidence was insufficient to compel a finding that he was incapable of understanding the nature of the agreement he signed); *Krzewinski v. U.S. Postal Service*, 72 M.S.P.R. 353, 361-62 (1996) (the appellant's medical and other evidence was sufficient to raise a nonfrivolous allegation of involuntariness based on mental incapacity and duress).

¶8    The appellant argues that he signed the LCSA waiving his appeal rights under duress because he had inadequate time to consider the agreement when he signed it below.  I-2, PFR File, Tab 1 at 1.  The record does not support his

assertion. The appellant signed the agreement not once, but twice, and a week elapsed before he signed the agreement the second time. When he initially signed the agreement on December 27, 2012, he wrote in the signature block that he was signing under duress. *See* I-1, IAF, Tab 8 at 18. After the agency informed him that his notation invalidated the LCSA because it signified a lack of agreement on his part, *see id.* at 12, he signed a new copy of the agreement on January 3, 2013, I-1, IAF, Tab 6 at 6-9. We note as well that he was represented when he signed the LCSA. *Id.* at 9.

¶9        The appellant argues that he was intimidated into signing the LCSA because the only other choice he was given at the time was removal. I-2, PFR File, Tab 1 at 1. Such a choice in itself, however, does not render a settlement agreement involuntary. *See Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 9 (2002) (the fact that the appellant was faced with either a demotion or a possible removal did not render her acceptance of the demotion involuntary). As for whether the removal letter included all of the necessary content, the issue is not before the Board because the appellant was removed. His assertions regarding duress are thus unavailing.

¶10       The appellant also argues that the Board should have remanded the case to another administrative judge. I-2, PFR File, Tab 1 at 1. However, the record on review for the first appeal does not include any request to reassign the appeal to another administrative judge or argue that the administrative judge was biased. *See* I-1, PFR File, Tab 1. Remand to the administrative judge that presided during an earlier stage of the case was administratively efficient because the judge was already familiar with the underlying facts and issues.

¶11       The appellant asserts that the administrative judge decided the appeal "hastily" without affording him the right to due process. I-2, PFR File, Tab 1 at 1. Here, it appears that the appellant might have expected the administrative judge to hold a hearing. To be entitled to a jurisdictional hearing, however, an appellant must offer nonfrivolous allegations that the Board had jurisdiction over

his appeal. *Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed. Cir. 1995). The appellant did not do so.

¶12    The appellant also asserts that the administrative judge failed to acknowledge that he responded to the order regarding his mental status during the earlier appeal. I-2, PFR File, Tab 1 at 1; *see* I-1, IAF, Tab 9. Even if the administrative judge erred in stating that the appellant had not followed his order, *see* I-1, IAF, Tab 11 at 2, the Board forwarded the case to the regional office for refiling, specifically noting that continued development of the record might be in order, *see* Final Order at 4-5 & n.3. The appellant thus suffered no prejudice to his substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). His assertions regarding adjudicatory error are unavailing.

¶13    The appellant argues that the agency breached the settlement agreement by failing to provide him with appropriate orientation and training for his position as a Safety and Occupational Health Specialist. I-2, PFR File, Tab 1 at 1-2. He also asserts that he is not performing the duties of a Safety and Occupational Health Specialist, and, instead, he is performing the duties of a lower-graded position. *Id.* at 1-3. Where an employee raises a nonfrivolous factual issue of the agency's compliance with an LCSA, the Board must resolve that issue before addressing the scope and applicability of his waiver of appeal rights. *Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148 (Fed. Cir. 1991). Here, the LCSA does not on its face promise anything more specific than "appropriate orientation and training" for the position. *See* I-2, PFR File, Tab 1 at 2; I-1, IAF, Tab 6 at 6. The appellant is also performing his assigned duties in the position at well above the acceptable level.[4] *See* I-2, IAF, Tab 3 at 6-14. The appellant thus failed to

---

[4] The appellant additionally asserts that the administrative judge required him to "divulge[] his medical status to the two individuals that were not the decision maker." I-2, PFR File, Tab 1 at 1. In the Final Order for the earlier appeal, we explained that

nonfrivolously allege that the agency breached the LCSA. Accordingly, we conclude that the administrative judge properly dismissed the appeal for lack of Board jurisdiction and we deny the petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

---

the agency had contacted the appellant's representative to obtain a release for his medical records, but he had refused to release those records. Final Order at 4 n.3. In the petition for review, the appellant stated that he would release the records if he were ordered to produce them. *Id.* The appellant had the opportunity to release these records for consideration while the refiled appeal was pending. *See* I-2, IAF, Tab 4.

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.