# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ABIGAIL L. PADILLA,
                    Appellant,

          v.

DEPARTMENT OF THE TREASURY,
                    Agency.

DOCKET NUMBER
DE-1221-16-0081-W-1

DATE: September 15, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Abigail L. Padilla, Denver, Colorado, pro se.

Emily Urban, Esquire, San Francisco, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of jurisdiction because the appellant failed to make a nonfrivolous allegation that she engaged in protected whistleblowing or was perceived as a whistleblower.  Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

grant such petitions only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant filed this IRA appeal alleging that the agency took several personnel actions against her in retaliation for making protected disclosures. Initial Appeal File (IAF), Tabs 1-3, 6. On January 19, 2017, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that she engaged in protected whistleblowing. IAF, Tab 45, Initial Decision (ID) at 9-11. In the initial decision, the administrative judge explained that he had issued a December 28, 2016 order regarding protected disclosures, which provided the appellant with specific notice and an opportunity to address this particular jurisdictional issue. ID at 11. He considered her responses to that order, but he ultimately concluded that she failed to make a nonfrivolous allegation of a protected disclosure, generally because her allegations were vague and conclusory. ID at 9-13. He also found that, despite notice and opportunity, she

failed to make any nonfrivolous allegation that the agency perceived her as a whistleblower. ID at 3 n.4. Thus, the administrative judge dismissed the IRA appeal for lack of jurisdiction. ID at 14.

¶3    The appellant has filed a petition for review of the initial decision, and the agency has filed an opposition to the petition. Petition for Review (PFR) File, Tabs 1, 3.

**ANALYSIS**

¶4    We understand the appellant to be raising four main arguments on review: (1) the administrative judge failed to provide her with adequate notice of her jurisdictional burden, considering that she is a pro se appellant; (2) she is entitled to certain discovery before the Board resolves the jurisdictional issue; (3) she made a nonfrivolous allegation that she made protected whistleblowing disclosures; and (4) the administrative judge should have considered her to be a perceived whistleblower. PFR File, Tab 1. For the following reasons, we find that her petition does not provide a persuasive reason to disturb the initial decision.

<u>The administrative judge adequately advised the appellant of her jurisdictional burden.</u>

¶5    The appellant alleges that the administrative judge gave her inadequate notice of her jurisdictional burden, particularly because she is a pro se appellant. PFR File, Tab 1 at 8. An administrative judge must inform a pro se appellant how to establish Board jurisdiction. *O'Keefe v. U.S. Postal Service*, 95 M.S.P.R. 248, ¶ 6 (2003); *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). To ensure fairness when a pro se appellant has the burden of proof, an administrative judge should advise her that she has not provided the evidence to prove her claim prior to the close of the record. *O'Keefe*, 95 M.S.P.R. 248, ¶ 6. This duty derives in part from the provision of the Board's regulations requiring administrative judges to exercise the authority

necessary to ensure that the record is fully developed and to see that there is a fair and just adjudication of the appeal. *Id.*; *see* 5 C.F.R. § 1201.41(b)(5).

¶6  Here, the administrative judge issued a detailed jurisdictional order that set forth the appellant's burdens of proof at the jurisdictional and merits stages of an IRA appeal and described the allegations and evidence she needed to submit. IAF, Tab 5. Thereafter, the appellant filed a number of jurisdictional pleadings. IAF, Tabs 6, 10-15, 17-21, 27-28, 31-32, 36, 38. The administrative judge subsequently issued an Order Regarding Protected Disclosures Exhausted with Office of Special Counsel. IAF, Tab 41. Therein, he set forth at length the appellant's jurisdictional burden and her burden of proof on the merits, including citations to relevant case law, statutes, and regulations. *Id.* at 1-6. He also addressed in detail her submissions to date, *id.* at 6-10, and opined that she had not yet nonfrivolously alleged a protected disclosure that had been exhausted with Office of Special Counsel (OSC), *id.* at 6. To further assist the appellant, he cited statutes and numerous cases explaining the types of allegations that would allow her to meet her jurisdictional burden. *Id.* at 6-10. He set the close of the record and ordered the parties to submit evidence and argument by that date regarding whether the appellant had nonfrivolously alleged a protected disclosure that she had exhausted with OSC. *Id.* at 10. Both the appellant and the agency responded. IAF, Tabs 42-44.

¶7  Given these facts, we find that the administrative judge gave this pro se appellant sufficient notice of her jurisdictional burden. The administrative judge issued multiple orders that were calculated to apprise the appellant of what she needed to do to establish the Board's jurisdiction in her appeal and proceed to the merits. Additionally, he specifically advised her, prior to the close of record, that she had not yet nonfrivolously alleged a protected disclosure that had been exhausted with OSC. *See O'Keefe*, 95 M.S.P.R. 248, ¶ 6. Accordingly, we find that her notice argument is unavailing.

<u>The administrative judge did not abuse his discretion in discovery matters.</u>

¶8        In her petition for review, the appellant asserts that she was denied necessary discovery by which she would have obtained proof regarding potential violations of the Taxpayer Browsing Protection Plan, Pub. L. No. 105-35, 111 Stat. 1104 (1997) (codified as amended in scattered sections of Title 26 of the U.S. Code).  PFR File, Tab 1 at 8.  She does not, however, identify any ruling by the administrative judge denying her discovery requests.  She also does not explain how any information she might have gained from discovery at this stage of the proceedings would have helped her meet her jurisdictional burden, which was only to set forth nonfrivolous allegations.  The jurisdictional issue is what the appellant reasonably believed at the time of her alleged disclosures, and all of the information she needed to make nonfrivolous allegations should have been within her knowledge and control without the need for discovery.  *See Sobczak v. Environmental Protection Agency*, [64 M.S.P.R. 118](#), 122 (1994) (holding that an appellant was not entitled to discovery in an IRA appeal because he had failed to plead facts sufficient to set forth a nonfrivolous jurisdictional allegation); *see also Briscoe v. Department of Veterans Affairs*, [55 F.3d 1571](#), 1574 (Fed. Cir. 1995).  Accordingly, we find that her discovery argument is not a basis for disturbing the initial decision.

<u>The appellant has not shown that the administrative judge erred in finding that she failed to make a nonfrivolous allegation that she made a protected whistleblowing disclosure.</u>

¶9        To the extent that the appellant's petition for review represents a general challenge to the administrative judge's findings that she failed to nonfrivolously allege that she made a protected disclosure, we find no basis to disturb the initial decision.  The Board does not require a pro se appellant to litigate matters with the precision of an attorney, but a party whose submissions lack clarity risks being found to have failed to meet her burden on a particular matter.  *See Luecht v. Department of the Navy*, [87 M.S.P.R. 297](#), ¶ 8 (2000).  Such is the case

here. Despite numerous opportunities to clarify her claims, the appellant's pleadings remain difficult to decipher, and her allegations primarily consist of conclusory assertions lacking the necessary specifics. When she has provided details, the presentation is often convoluted and, even when comprehensible, insufficient to meet her jurisdictional burden.

¶10 As described in the initial decision, the appellant's first alleged protected disclosure is her alleged January 3, 2011 verbal report to a superior. ID at 9; IAF, Tab 14 at 77. The administrative judge found that the appellant failed to clarify the specifics of her alleged report in a way that would constitute a nonfrivolous allegation that she reasonably believed she was disclosing information evidencing the types of wrongdoing that would trigger whistleblower protection. ID at 9.

¶11 The appellant's second alleged protected disclosure is her alleged February 1, 2011 verbal report to a training coordinator about an apparent confrontation and harassment by a commanding officer while she was deployed in St. Louis, Missouri. ID at 9; IAF, Tab 14 at 13-14. The administrative judge found that these assertions were purely allegations of unlawful discrimination covered by 5 U.S.C. § 2302(b)(1) and (b)(9), which generally cannot be the subject of an IRA appeal, and, in any event, she failed to make a nonfrivolous allegation that she disclosed information that a reasonable person would have believed evidenced any wrongdoing of the types described in 5 U.S.C. § 2302(b)(8), which prohibits whistleblower reprisal. ID at 9-10.

¶12 The appellant's third disclosure is that, on April 22, 2014, she reported in writing to a superior that an officer and his deputies created a workplace disturbance, engaged in discourteous and unprofessional behavior, failed to observe Internal Revenue Service regulations or procedures, engaged in "fighting/physical assaults/threats/battery," and were insubordinate in failing to follow a management directive. ID at 10; IAF, Tab 4 at 39. The administrative judge found that the appellant's third alleged disclosure was too vague and

imprecise to qualify as a protected disclosure and that she failed to make a nonfrivolous allegation that she disclosed information that a reasonable person would have believed evidenced any wrongdoing of the types described in section 2302(b)(8).  ID at 10.

¶13    The appellant's fourth alleged disclosure is that, on an unspecified date, she made a "formal complaint" regarding an acting manager who allegedly refused to serve a taxpayer.  ID at 10-11; IAF, Tab 36 at 9.  The administrative judge found that the appellant's allegations were too vague to qualify as a protected disclosure and, based on the limited details provided, she had disclosed nothing more than a debatable or de minimis allegation of mismanagement.  ID at 11.

¶14    We have considered the appellant's arguments on review, and it is unclear whether she is even discussing matters that she purports to have disclosed on January 3, 2011.  In any event, we find that she has not demonstrated any error in the administrative judge's conclusion that she failed to make a nonfrivolous allegation that her first alleged disclosure was a protected whistleblowing disclosure.  *See, e.g.*, *McCorcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 21 (2005) (holding that vague and conclusory assertions did not constitute nonfrivolous allegations of protected whistleblowing).  Her petition for review appears to be supplementing her second, third, and fourth alleged protected disclosures by citing a few examples of what she perceived to be misconduct by agency employees.  PFR File, Tab 1 at 6-7.  Even if we were to consider these additional examples supplied on review,[2] we would find that they are not a sufficient reason to change the outcome on the dispositive jurisdictional issue.[3]

---

[2] Generally, the Board will not consider evidence or argument submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

[3] Pursuant to the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 125 Stat. 1465, a covered individual may bring an IRA appeal seeking corrective action for reprisal based not only on whistleblowing disclosures described in

<u>The appellant failed to nonfrivolously allege that the agency perceived her to be a whistleblower.</u>

¶15    The appellant also argues that the administrative judge failed to consider that the agency perceived her as a whistleblower. PFR File, Tab 1 at 9-10. In such a case, it is immaterial whether the appellant actually made protected disclosures; instead, to establish jurisdiction, she must nonfrivolously allege that agency officials appeared to believe that she engaged or intended to engage in whistleblowing. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 8 (2011). The other jurisdictional elements remain the same. *Id.*, ¶ 9. In particular, the appellant must establish that she exhausted her remedies with OSC on the issue of whether the agency perceived her as a whistleblower. *Id.* She also must nonfrivolously allege that the agency's perception of her as a whistleblower contributed to its decision to take or not take the personnel action at issue. *Id.*, ¶¶ 9-10.

¶16    We disagree that the administrative judge ignored the appellant's contention she was perceived to have been a whistleblower. Instead, he found that she failed to make a nonfrivolous allegation of the Board's jurisdiction in that respect, despite having received notice of her jurisdictional burden and an opportunity to respond. ID at 3 n.4; IAF, Tab 41 at 3 n.4. On review, the appellant does not provide any particular information to support her claim that she was perceived as a whistleblower, except to state that an agency official to whom she allegedly made the first protected disclosure asked her to document the matters she disclosed and that a coworker noticed that she frequently documented the events

5 U.S.C. § 2302(b)(8) but also on certain other protected activity described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *See* 5 U.S.C. § 1221(a). The administrative judge found that the appellant did not assert protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). ID at 2 n.3. Her petition for review contains a statement that she was a victim of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8) and (b)(9)(A)(i), (B), (C), and (D). PFR File, Tab 1 at 4. Her arguments on review, however, do not further explain the basis of any reprisal claim based on alleged activity protected under the relevant provisions of section 2302(b)(9), and we will not disturb the initial decision in this regard.

occurring around her. PFR File, Tab 1 at 9-10. She also produced a copy of a performance appraisal for the period ending January 31, 2013, which states that she "let[ ]her manager know when positive and negative employee issues need to be addressed." IAF, Tab 42 at 65-66. These facts alone, however, would not be sufficient to support a nonfrivolous allegation that the agency perceived her as a whistleblower or that she exhausted such an allegation with OSC.[4]

¶17        Accordingly, the administrative judge correctly found that the appellant did not establish the Board's jurisdiction over her whistleblower appeal, and we thus affirm the administrative judge's dismissal.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Because we find that the appellant failed to make a nonfrivolous allegation under a perceived whistleblower theory, we find it unnecessary to resolve the question, raised by the agency, of whether she proved that she exhausted such a claim with OSC. PFR File, Tab 3 at 17.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:　　　　　　　　/s/ for _____

　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　Acting Clerk of the Board
Washington, D.C.