## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN A. HENDERSON,
         Appellant,

      v.

DEPARTMENT OF STATE,
         Agency.

DOCKET NUMBER
DC-0752-15-0803-I-2

DATE: January 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard Carnell Baker, Esquire, Washington, D.C., for the appellant.

Aaron L. Marcus, Patrick McMurray, and Marianne Perciaccante,
    Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  The appellant served in a series of agency positions, most recently as a Management Analyst in the Post Analysis and Support Division of the agency's Bureau of Consular Affairs.  *Henderson v. Department of State*, MSPB Docket No. DC-0752-15-0803-I-1, Initial Appeal File (IAF), Tab 10 at 28.  The agency issued him an Interim Rating of Record (IRR) for the period January 1 to July 15, 2014, reflecting a rating of not successful on three out of five Critical Performance Elements, which earned him a summary rating of not successful.  *Id.* at 245-52.  The appellant filed a whistleblower complaint with the Office of Special Counsel on September 5, 2014, contending in pertinent part that his supervisors gave him a not successful rating in retaliation for his draft report that he claimed showed violations of rule, regulation, or law, or gross mismanagement in Mexico during the time his supervisor served as a Foreign Service Officer there.  IAF, Tab 7, Exhibit (Ex.) B at 7, 11.[2]

---

[2] The appellant also filed an individual right of action appeal, MSPB Docket No. DC-1221-15-0639-W-2, which the administrative judge dismissed for lack of

¶3        On October 28, 2014, the agency issued the appellant a letter placing him on a 60-day performance improvement plan (PIP).  IAF, Tab 10 at 225-27, 232.  The agency subsequently denied him a November 2014 within-grade increase.  *Id.* at 199-201.  The appellant's supervisor notified him on January 26, 2015, that he had failed the PIP and that, as a consequence, she recommended that the agency propose his removal.  *Id.* at 144.  On March 31, 2015, the agency proposed the appellant's removal for unacceptable performance under chapter 43.  *Id.* at 19-157.

¶4        The appellant retired on April 30, 2015, while the proposed removal was pending.  IAF, Tab 1 at 7.  Subsequent to retiring, the appellant provided a written response to the notice of proposed removal, IAF, Tab 7, Ex. D, but the record does not reflect that the agency made or issued a decision on the proposed action.  He filed this alleged involuntary retirement appeal on May 30, 2015.  IAF, Tab 1.  The administrative judge issued an order that provided the appellant notice of the elements and burdens of establishing jurisdiction over his appeal.  IAF, Tab 2 at 2-3; *Henderson v. Department of State*, MSPB Docket No. DC-0752-15-0803-I-2, Refiled Appeal File (RAF),[3] Tab 5.  Without holding the requested hearing, the administrative judge issued an order that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that his decision to retire was involuntary.  RAF, Tab 13, Initial Decision (ID) at 11-19.

¶5        In concluding that the appellant failed to make a nonfrivolous allegation that he involuntarily retired, the administrative judge found that the appellant could have contested the performance issues that the agency cited in proposing his removal, but he chose not to, and that he instead made a calculated decision to

jurisdiction.  Neither party petitioned for review of that decision, and it is now the final decision of the Board.  5 C.F.R. § 1201.113.

[3] The administrative judge dismissed the initial appeal without prejudice and refiled it in accordance with his instructions.  IAF, Tab 20; RAF, Tab 1.

precipitously retire before responding to the agency's proposed action. ID at 12-13. He also found that the appellant failed to make a nonfrivolous allegation that the agency coerced his retirement by making his working conditions so intolerable that a reasonable person in his position would have been compelled to retire under the circumstances. ID at 13-15. Lastly, the administrative judge found that the appellant's contention that he was forced to retire because the agency's retaliation and harassment affected his medical condition also was insufficient to support a nonfrivolous allegation of involuntariness. ID at 15-19.

¶6        In his petition for review, the appellant challenges the administrative judge's findings, arguing that the agency rated his 2013 performance as fully successful and that, consequently, it lacked reasonable grounds for subsequently placing him on the PIP. Petition for Review (PFR) File, Tab 1 at 4-6. He also argues that the agency violated its own regulations in issuing the IRR on which it based his placement on the PIP by rating him on tasks not specifically identified in his performance plan and for a time period less than the required minimum of 120 days. *Id.* at 5-8. He contends that the administrative judge erred in denying him an evidentiary hearing on his involuntary retirement claim. *Id.* at 6. He also challenges the administrative judge's finding that his medical evidence was insufficient to support a nonfrivolous allegation of intolerable working conditions or that the agency was unaware of his medical condition in that regard. *Id.* at 6-7. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        Retirements are presumed to be voluntary, and the appellant bears the burden of proving otherwise. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009). To overcome the presumption that a retirement was voluntary, the employee must show that the retirement was the result of the

agency's misinformation or deception, or that the retirement was coerced by the agency. *Id.* To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's retirement, the employee had no realistic alternative but to retire, and the employee's retirement was the result of improper acts by the agency. *Id.* The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Id.* If an employee claims that the agency coerced his retirement by creating intolerable working conditions, he must show a reasonable employee in his position would have found the working conditions were so difficult or unpleasant that a reasonable employee would have felt compelled to retire. *Id.* The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness. *Id.*

¶8        The doctrine of coerced involuntariness is "a narrow one." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). The fact that the appellant was faced with the unpleasant choice of retirement or opposing the proposed performance-based removal action does not rebut the presumed voluntariness of his ultimate choice. *See Barthel v. Department of the Army*, 38 M.S.P.R. 245, 251 (1988). However, if the appellant can show that the agency knew that the reasons for the proposed chapter 43 action could not be substantiated, the proposed action would be purely coercive and would render his resulting retirement involuntary. *Id.*

¶9        We agree with the administrative judge that the appellant failed to nonfrivolously allege facts that, if proven, could rebut the presumption of voluntariness and entitle him to a hearing at which he could prove that his retirement was involuntary. ID at 11-19; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 642-43 (Fed. Cir. 1985) (finding that an appellant is entitled to a hearing on the issue of jurisdiction over an appeal of an allegedly involuntary

retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness).

¶10     On review, the appellant makes numerous allegations concerning his ratings and performance plan, and he contends that the agency lacked reasonable grounds to place him on the PIP. PFR File, Tab 1 at 4-6. However, none of his contentions amount to a nonfrivolous allegation that he had no choice but to retire, that the agency improperly coerced his retirement, that it lacked a reasonable basis for its action, or that it could not have sustained the action on appeal.[4] *See Barthel*, 38 M.S.P.R. at 251; ID at 12; IAF, Tab 10 at 49-51, 103-08, 123-44, 160-69, 245-52. For example, the appellant's fully successful rating in 2013, in and of itself, does not indicate that his subsequent IRR was in error or that the agency improperly placed him on the PIP. PFR File, Tab 1 at 4-5; *see*

---

[4] In the past, the Board has held that there is no requirement that an agency establish the unacceptability of pre-PIP performance in analyzing a performance-based action under chapter 43. *See, e.g.*, *Thompson v. Department of the Navy*, 89 M.S.P.R. 188, ¶ 19 (2001). However, in *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021), the U.S. Court of Appeal for the Federal Circuit held that, to support an adverse action under chapter 43, an agency "must justify institution of a PIP" by showing that the employee's performance was unacceptable before the PIP. Here, the issue before the Board is not whether the agency can substantiate a chapter 43 action, but, rather, whether the appellant nonfrivolously alleged that his retirement was involuntary. Thus, the appellant's allegation that his PIP was not justified should be considered only as it relates to the issue of voluntariness of his retirement. *See Barthel*, 38 M.S.P.R. at 251 (reasoning that, if the appellant can show that the agency knew that the reasons for the proposed chapter 43 action could not be substantiated, the proposed action would be purely coercive and would render his resulting retirement involuntary). We find that, under the particular circumstances of this case, the appellant's argument that he was improperly placed on a PIP does not amount to a nonfrivolous allegation that his retirement was involuntary. In relevant part, he has not nonfrivolously alleged that the agency knew or should have known that it would not prevail on its proposed 43 action. *See id*. Instead, his arguments concerning the implementation of the PIP amount only to mere disagreement with the agency's decision to place him on one. RAF, Tab 9 at 5-7, 16; PFR File, Tab 1 at 4-6; *see Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed. Cir. 1995) (stating that, "[a]lthough an appellant need not prove her entire case before she is entitled to a hearing, the [B]oard may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations.").

*Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355, 1363 (Fed. Cir. 2021) (requiring no "particular evidentiary showing with respect to [an] employee's pre-PIP performance" and explaining that "[p]erformance failures can be documented or established in any number of ways"). Indeed, the agency points out that, consistent with the appellant's IRR, his 2013 performance appraisal noted discussions with him regarding the need for him to work on and improve his oral and written communication skills. PFR File, Tab 3 at 8; IAF, Tab 7, Ex. A at 7. Similarly, the appellant's contentions that his performance plan somehow violated agency rules and regulations concerning the content or length of such plans are not supported in the record and also fail to comprise a nonfrivolous allegation that he involuntarily retired. PFR File, Tab 1 at 5. For instance, the agency's rule 3 FAM 2822.3-1 only requires a new performance plan if the temporary assignment is expected to last at least 120 days, and the record reflects that the appellant's detail lasted from March 24 to June 16, 2014, a total of 84 days. IAF, Tab 10 at 245; Tab 7, Ex. C at 4-5.

¶11    Further, regardless of the appellant's claims regarding the agency's evaluation of his performance, these are the kind of arguments that he could have made had he chosen to contest his removal before the agency or the Board as opposed to retiring before the agency issued a decision on the notice of proposed removal and pursuing an involuntary retirement appeal. *See Axsom*, 110 M.S.P.R. 605, ¶ 17 (finding that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action).

¶12    We also agree with the administrative judge that the appellant failed to nonfrivolously allege that the agency coerced his retirement by subjecting him to intolerable and hostile working conditions. ID at 13-15; *see Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) ("An employee is not guaranteed a working environment free of stress. Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign."). We

agree, moreover, that the appellant's medical evidence is insufficient to support a nonfrivolous allegation of involuntariness.  ID at 17.  As the administrative judge found, the appellant failed to raise his medical condition as an issue before, during, or after the PIP, and also failed to cite his medical condition in the response to the notice of proposed removal he submitted after he retired.  ID at 17-18; IAF, Tab 7, Ex. D.  Indeed, his May 7, 2015 post-retirement response to the notice of proposed removal predates the June 18, 2015 visit to the doctor on whose report he bases his contentions, IAF, Tab 11, and the record does not reflect that the appellant ever raised his medical condition as an issue even though the agency encouraged him to identify any such condition and seek accommodation if need be, ID at 15-17; IAF, Tab 10 at 29, 46.

¶13        Thus, because we agree with the administrative judge that the appellant failed to satisfy the narrow and demanding legal standard necessary to earn a hearing on his involuntary retirement claim, we affirm his decision to dismiss the appellant's involuntary retirement appeal for lack of jurisdiction without holding a hearing.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  [5 U.S.C. § 7702](b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.